# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

CHRISTOPHER RAYMOND DIANO

NO. 2024 KW 0206

**JUNE 17, 2024**

---

In Re:     State of Louisiana, applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 848914.

---

**BEFORE:    GUIDRY, C.J., McCLENDON AND WELCH, JJ.**

**WRIT DENIED.**

**JMG**

**McClendon, J.,** concurs and would deny the writ application in part and deny on the showing made in part. The state failed to include all pertinent minute entries and/or transcripts, supporting documentation, other portions of the district court record, and the district court's ruling on its claim that the district court failed to exclude the period that the defendant was on probation for one of his predicate offenses in calculating the cleansing period between the predicate convictions and the instant offense.

**Welch, J.,** dissents and would grant the writ application. Louisiana Revised Statute 15:529.1(C)(1) provides that "any period of parole, probation, or incarceration by a person in a penal institution, within or without the state, shall not be included in the computation of any of the five-year periods between the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, and the next succeeding offense or offenses." Thus, while not a predicate offense, the defendant's 180 days served in a penal institution in 2018 and 2019 for his misdemeanor conviction should have been excluded from the calculation of the five-year cleansing period after the expiration of his correctional period on December 25, 2015 for his predicate offenses and the commitment of the instant offense on January 24, 2021.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT